**UNITED STATES CELLULAR INVESTMENT COMPANY OF OKLAHOMA CITY, INC., an Oklahoma corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**SOUTHWESTERN BELL MOBILE SYSTEMS, INC., a Delaware and Virginia corporation, Defendant–Appellant and Cross–Appellee.**

**Nos. 96–6140, 96–6146, 96–6294.**

United States Court of Appeals, Tenth Circuit.

Sept. 17, 1997.

G. Blaine Schwabe, III (Sarah A. Hall and J. Matthew Thompson, with him on the briefs) of Gable, Gotwals, Mock, Schwabe, P.C., Oklahoma City, OK, for Plaintiff–Appellee/Cross–Appellant.

Dennis G. Lyons of Arnold & Porter, Washington, DC (Carol L. Tacker, Dallas, TX; Kenneth N. McKinney and Charles C. Green of McKinney, Stringer & Webster, P.C., Oklahoma City, OK; James E. Scarboro of Arnold & Porter, Denver, CO; and Norman M. Sinel, Patrick J. Grant, Ellen T. Noteware, and Paul S. Feira, Of Counsel, Arnold & Porter, Washington, DC, with him on the briefs), for Defendant–Appellant/Cross–Appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

BALDOCK, Circuit Judge, dissenting from an unpublished order and judgment.

The court's opinion, 1997 WL 575820, would be absolutely correct if, as the court concludes, USC–OK's action against SWBS is a direct one. Unfortunately, the court's conclusion is erroneous. USC–OK's action is derivative in nature. Because the action is derivative, an indispensable party, namely the OKC Partnership, was not before the district court. Because the joinder of the Partnership would have destroyed diversity jurisdiction in the district court, that court lacked jurisdiction to adjudicate this matter. *See First Nat'l Bank & Trust Company v. McKeel,* 387 F.2d 741, 743 (10th Cir.1967) (if joinder of an indispensable party would oust the court of diversity jurisdiction, then dismissal would be compelled). Accordingly, I dissent.

As this is an action against a general partner for breach of fiduciary duty owed to the OKC Partnership, we first ask whether this action is a direct action or a derivative one. In a diversity case, the characterization of an action is a state law question. *See McDaniel v. Painter,* 418 F.2d 545, 547 (10th Cir.1969). The Partnership Agreement in this instance provides that Delaware law controls. Thus, under Oklahoma's choice-of-law rules, we look to Delaware law to determine whether this action is direct or derivative. *See* Okla. Stat. Ann. tit. 15, § 162 (West 1993); *Bohan-*

*nan v. Allstate Ins. Co.,* 820 P.2d 787, 793–96 (Okla.1991).

Under Delaware law, the distinction between direct and derivative actions, "rests upon the [plaintiff] being directly injured by the alleged wrongdoing." *Litman v.* Prudential–Bache *Properties, Inc.,* 611 A.2d 12, 15 (Del.Ct.Chan.1992) (treating limited partnership same as corporation to determine the derivative nature of action), *amended by,* 1992 WL 94369 (Del.Ct.Chan.1992) (unpublished) (amendment irrelevant). The plaintiff's injury must be "separate and distinct from that suffered by other [partners]" and it must exist "independently of any right of the [partnership]." *Id.* Thus, discerning the nature of an action-derivative or direct-requires an examination of the alleged injury. *See id.*

The Amended Complaint reveals that USC–OK brought this action for damages to the OKC Partnership. The prayer of the Amended Complaint requested the following relief:

(a) a declaration that defendant's interests in the cellular systems in Oklahoma RSAs 3 and 5 are held *on behalf of the partnership;*

(b) an injunction requiring defendant to take all measures to transfer its interest in the cellular systems in Oklahoma RSAs 3 and 5 *to the partnership;*

(c) an accounting of revenues generated by the cellular systems in Oklahoma RSA's 3, 5, and 9 and profits earned therefrom by defendant;

(d) a injunction requiring Southwestern to share *with the partnership* any and all benefits derived from its applications to provide cellular service in Oklahoma RSAs 3 and 5 . . . .

Amended Complaint at 10 (emphasis added). The prayer of each count of the complaint requests a remedy for the OKC Partnership's benefit and alleges injuries specific to the OKC Partnership. Likewise the questions presented in the final pre-trial order also allege injury to the OKC Partnership and request relief in its favor. *See generally* Final Pretrial Order, Appellant's Appendix, vol. 1, p. 84–107. USC–OK has suffered no discernable separate harm. Accordingly,

this suit, although not captioned as a derivative action, is pleaded as a derivative action brought for the benefit of the OKC Partnership. *Cf. United States. Cellular Inv. Co. v. Bell Atlantic Mobile Sys. Inc.,* 677 A.2d 497 (Del.1996) (action on nearly identical contract brought as a derivative suit).

Because this suit is derivative, the OKC Partnership is the real party in interest. *See* Fed.R.Civ.P. 17(a). A federal court sitting in diversity must apply the law of the forum state, including its choice-of-law rules, to all substantive issues. *See Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.,* 24 F.3d 125, 128 (10th Cir.1994). Because Oklahoma is the forum state, its law designates whether the OKC Partnership is the real party in interest in this diversity suit. *See K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir.1985). "If an incorporated or unincorporated association has capacity to sue or be sued as provided under Rule 17(b), it is considered the real party in interest for purposes of enforcing any right it has as an entity." 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1552, at 394 (1990). A limited partnership or unincorporated association has the capacity to sue or be sued in Oklahoma. *See* Okla. Stat. Ann. tit. 12, § 2017B (West 1993). Thus, OKC Partnership is the real party in interest in this suit. *See Singer v. Singer,* 634 P.2d 766, 769–70 (Okla.Ct.App.1981). Notably, the Fifth Circuit has stated that a limited partnership is the real party in interest to a derivative suit seeking relief for an alleged breach of fiduciary duty, *see Bankston v. Burch,* 27 F.3d 164, 167 (5th Cir. 1994), and we have drawn a like conclusion in the corporate context, *see Nunn v. Chemical Waste Mgt., Inc.,* 856 F.2d 1464, 1470 (10th Cir.1988).

Moreover, the OKC Partnership, like any partnership in a derivative suit, is a necessary party. Three circuits have arrived at this conclusion in the limited partnership context. *See HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1190 (3d Cir.1996); *Bankston,* 27 F.3d at 167–68; *Buckley v. Control Data Corp.,* 923 F.2d 96, 98 (8th Cir.1991). Also, the U.S. Supreme Court has so concluded in the corporate context. *See Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Save possibly for the accounting, the OKC Partnership is the only entity directly interested in the relief sought by USC–OK, which itself has only a derivative interest. As we shall see, resolution of the issues in this suit without the OKC Partnership will impair or impede its ability to protect its interests. *See* Fed.R.Civ.P. 19(a)(2), (2)(I).

The matter of a party's absence can be raised at any time and should be raised by a court *sua sponte. See State Farm Mut. Auto. Ins. Co. v. Mid–Continent Cas. Co.,* 518 F.2d 292, 294 (10th Cir.1975). We must protect the interests of an absent necessary party, and have a duty to ensure that the best possible parties litigate this suit. Joining the OKC Partnership, however, would destroy diversity and strip the court of subject matter jurisdiction over this suit. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990) (holding a partnership is a citizen of each state of which the general or a limited partner is a citizen). Thus, we must determine if the OKC Partnership is an indispensable party under Rule 19(b). If it is, we must dismiss this suit for non-joinder.

To determine whether the OKC Partnership is an indispensable party to this matter, Fed.R.Civ.P. 19(b) requires us to examine (1) the extent to which a judgment rendered in the party's absence might be prejudicial to the party; (2) the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Applying these factors, two of our sister circuits and one of our district courts have come to the conclusion that an absent partnership is an indispensable party in a derivative suit. *See Bankston,* 27 F.3d at 167–68; *Buckley,* 923 F.2d at 98; *New York Life Insurance Co. v. Ramco Holding Corp.* 938 F.Supp. 754 (N.D.Okla.1996). *But cf. HB General Corp.,* 95 F.3d at 1190 (holding that

a partnership was not an indispensable party to an action brought solely for declaratory relief against a limited partner and where every partner was a party to the lawsuit). Moreover, the Supreme Court has held that a corporation (which is treated identically with respect to derivative suits in Delaware, *see Litman,* 611 A.2d at 15) is an indispensable party to a derivative suit. *See Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 520–523, 67 S.Ct. 828, 829–30, 91 L.Ed. 1067 (1947). Applying these factors to our case leads to a like result.

First, the court's entry of a judgment and remedy in this suit prejudices the OKC Partnership. SWBS breached the fiduciary duties it owed to the OKC Partnership, and the OKC Partnership is the only entity directly interested in the money remedy sought in this litigation. The damage award, however, represents only 14.6% of the gains SWBS realized from its wrongful conduct because USC–OK owns only 14.6% of the OKC Partnership. Not only does the court's judgment permit SWBS to wrongfully retain the balance of the ill-gotten proceeds (at least the balance in excess of SWBS's ownership interest in the OKC Partnership), but the judgment effectively deprives the remaining limited partners, namely Chickasaw Telephone and Pottawomie Telephone, whose interests total 23% of the OKC Partnership, of their share of the proceeds.

Second, the court makes no attempt to shape the judgment to ameliorate or avoid the prejudice to the OKC Partnership. Again, the judgment accounts for only 14.6% of the damage caused by SWBS's conduct. Moreover, the court cannot award the absent OKC Partnership the remaining measure of damages via a constructive trust because the Partnership is nondiverse. While the OKC Partnership may not be bound by the judgment in this suit, *see Martin v. Wilks,* 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), it would be difficult if not impossible for it to protect its own interest because at least five years have elapsed since the accrual of the claims for breach of fiduciary duty, putting the claims outside many limitations periods. *See, e.g.,* Okla. Stat. Ann. tit. 12, § 95 (West 1988).

Third, the court's judgment is not adequate to protect the OKC Partnership's interest. Although SWBS owns approximately 62% in the OKC Partnership, and it would have been entitled to a share of the profits in the absence of the breach, the judgment nevertheless fails to account for 85.4% of the monies wrongfully diverted by SWBS. A derivative action must not proceed where the named plaintiff does not "fairly and adequately represent the interests" of the members of the limited partnership. *See* Fed. R.Civ.P. 23.1.

Fourth, USC–OK or, more accurately, the OKC Partnership, will have an adequate remedy if this suit is dismissed for nonjoinder. The applicable statute of limitations is ultimately a question of the choice-of-law rules of the forum state. *See Yoder v. Honeywell, Inc.,* 104 F.3d 1215, 1224–25 (10th Cir.), *petition for cert. filed,* 65 U.S.L.W. 3799 (May 20, 1997). Almost certainly either Oklahoma or Delaware law governs, *see* Restatement (Second) of Conflict of Laws §§ 142–43, 186–88, 292–95 (1971), and both Delaware and Oklahoma law contain savings provisions which would allow USC–OK or the OKC Partnership to refile this suit under the laws of those states. *See* Del.Code Ann. tit. 10, § 8118 (1996); Okla. Stat. Ann. tit. 12, § 100 (West 1988). Nothing indicates that an adequate remedy is not available in a state court applying the Delaware or Oklahoma savings provisions.

In addition to Rule 19(b)'s standards, the limited partnership's legal existence, independent from that of its partners, *see, e.g., W.B. Johnston Grain Co. v. Self,* 344 P.2d 653, 654 (Okla.1959); *Litman,* 611 A.2d at 15, weighs against entering a judgment in the absence of the OKC Partnership. A corporation is a similar artificial entity independent of its shareholders, and even a person owning all of a corporation's shares cannot represent the corporation's interest in a lawsuit. *See* 1 William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 25.1 (perm. ed. rev.vol.1990). Additionally, a limited partner, like a corporate shareholder, enjoys limited liability because of the legal form of the limited partnership and its separate legal existence.

USC-OK would doubtlessly be quick to rely on this limited liability, and this court likely would be equally quick to recognize it, *see, e.g., Robertson v. Roy L. Morgan Prod. Co.*, 411 F.2d 1041, 1043 (10th Cir.1969) (discussing limited circumstances under which a court will disregard the corporate form under Oklahoma law), if faced with the appropriate prospect of liability. Further, USC–OK demands without justification that it be paid all the monies SWBS accrued from its breach-to the exclusion of both the OKC Partnership itself and USC–OK's other partners, regardless of the fact that USC–OK owns only a portion of the OKC Partnership. In exchange for a limited partner's limited liability shield, however, the limited partner surrenders its right to bring in its own name claims for damages to the limited partnership itself. USC–OK should not be so free to disregard, and the court so eager to approve, the form of business under which it and its partners chose to organize because the parties prefer to be in federal court.

In summary, the OKC Partnership is an indispensable party to this suit. The court's judgment fails to protect its interests; the current parties do not represent its interests; and the OKC Partnership cannot protect its own interests because of the time lapse since the accrual of the causes of action. Moreover, the court's judgment imprudently allows USC–OK to escape the consequences of its choice of business organization.

Finally, I sense at least an unspoken reluctance on the part of this court to dismiss this case in light of the considerable time and effort which the district court devoted to it as evidenced by that court's extensive findings of fact and conclusions of law. Although the initial pleadings in this case establish that all claims, except for the accounting claim, were derivative, nothing on or off the record indicates that the procedural rules for this type of derivative action, *e.g.*, Fed.R.Civ.P. 23.1; *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 527–34, 104 S.Ct. 831, 833–37, 78 L.Ed.2d 645 (1984), were complied with even minimally. The difficulties involved with fashioning and administering a remedy in this case should have at least raised a question about the absence of OKC Partnership and prompted a Rule 19 analysis. It is difficult to believe that these issues did not occur to the attorneys in this case who come from large firms in Oklahoma and Washington, D.C.

For the foregoing reasons, I would remand this matter to the district court with instructions to dismiss for failure to join an indispensable party and want of subject matter jurisdiction. Accordingly, I dissent.